chances of death of the closest next of kin in case of intestacy? Take, for instance, in intestacy, the case of a man one of ten brothers and sisters. His estate is worth net $10,000. Eight of his brothers and sisters have died leaving descendants. One sister survives. Is it supposable that the intent of the law is to tax the one-ninth of the estate going to the sister, for the reason that that, added to the aggregate amount passing to collaterals, makes the sum of $10,000? This question of intent is an important one, for its ascertainment is the ultimate object of all statutory construction. When the real design of the legislature can be ascertained or is plainly perceivable, the language used must be given such interpretation as will carry it into effect, even at the sacrifice of the exact letter of the law. Here, however, intent and literal interpretation go hand in hand. The letter of the statute clearly and definitely expresses the desire of the legislature to protect from taxation a certain class of next of kin, up to a certain amount.

The respondent, however, claims that the statutory definition of the word "property" must be accepted. This definition is given in section 242 of the tax law. Reduced to its application here:

"The words * * * and property * * * shall be taken to mean the property * * * of the testator, intestate, * * * passing or transferred to those not herein specifically exempted from the provisions of this article, and not as property * * * passing or transferred to individual legatees, devisees, heirs at law, next of kin," etc.

It will be seen that this definition does not affect the question under discussion. It applies only to the property passing "to those not herein specifically exempted." Here we are considering the property passing to an exempted class, and such property is expressly excepted from the operation of the definition.

The decree should be reversed as to the tax determined upon the shares of the brother and sister, and a decree entered exempting these shares from taxation.

---

### MARKOWITZ v. METROPOLITAN ST. R. CO.

(City Court of New York, General Term. July 11, 1900.)

RELEASE—FRAUD—EFFECT.

    A release for injuries sustained by reason of the negligence of defendant, the execution whereof was procured by deceit and fraud, and by inducing the plaintiff, who was illiterate, to believe that he was merely signing a receipt for a gratuity, will not bar an action for such injuries.

Appeal from special term.

Action by Morris Markowitz against the Metropolitan Street-Railroad Company. There was a verdict and judgment in favor of plaintiff, and defendant moved to set aside the verdict on the ground of newly-discovered evidence and surprise. From an order denying the motion, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Henry A. Robinson, for appellant.

Julius H. Cohn, for respondent.

CONLAN, J. The cause was tried, and a verdict rendered for the plaintiff. Upon the trial a witness for the defendant, the doctor, testified, in effect, that the case had been settled prior to the trial, and thereafter the defendant moved for a new trial at special term, and asked leave to serve a supplemental answer, which set forth a general release claimed to have been executed and delivered by the plaintiff to the defendant for the alleged consideration of $115. There is a significant fact connected with this case which we are in no disposition to overlook. It appears that the doctor also furnished to the plaintiff a memorandum in writing upon an occasion when some money was handed to the plaintiff, which might be termed an emergency fee, if no stronger characterization be applied, and which amounted to $10, and the release at the same time mentions the sum of $115 as being the sum paid. The plaintiff in his affidavit details all the circumstances which surrounded this somewhat mysterious transaction, and asserts his ignorance of the paper presented by the defendant, and of his inability to understand writing beyond a few letters or characters in the Hebrew language. This whole transaction does not call for the least particle of sympathy, and does not commend itself to the favor of the court. Transactions between the opposing parties to a suit of this character, even if carried on without the knowledge of the attorney, must be in all respects fair and just, and able to stand the light of day. No advantage which is taken or attempted upon the guileless and innocent or unlettered and ignorant will be upheld by the court when its authority is invoked to interfere to prevent a wrong.

The order appealed from must be affirmed, with costs. All concur.